OPINION AND JUDGMENT ENTRY
This case is on appeal from two judgments, both dated August 26, 1998, of the Ottawa County Municipal Court. By both judgments appellant was sentenced following his conviction on two charges of assault. Appellant was appointed counsel to represent him on appeal.
Pursuant to the guidelines set forth in Anders v.California (1967), 386 U.S. 738, appellant's court-appointed appellate counsel has filed an appellate brief and motion to withdraw as counsel. She mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief.
Appellant's counsel states in her motion that she thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of Anders v.California, supra, appellant's counsel has submitted a brief setting forth the following possible issues for review, which we will treat as assignments of error:
 "A. Whether the `Explanation of Circumstances' provided pursuant to Ohio Rev. Code Sec. 2937.07
supported the Trial Court's findings of guilt.
 "B. Whether the Trial Court's plea colloquy contained a reasonably intelligent explanation of Defendant/Appellant's rights, as required by Ohio Crim.R. 11(D).
 "C. Whether the Trial Court's sentence was contrary to law.
 "D. Whether Defendant/Appellant received effective assistance of counsel."
Appellant's appointed counsel has included arguments with the assignments of error, but concludes that the alleged errors are unsupported by the record and/or by the law. Therefore, she concludes that an appeal would be frivolous. Appellant did not submit his own brief. This court now has the obligation to fully examine the submitted assignments of error and the record in this case to decide whether the appeal is frivolous. Id. at 744.
This appeal arises out of two criminal proceedings. In both cases, appellant was charged with assaulting Amy Lundy. The first assault occurred on March 31, 1998; the second assault occurred On April 29, 1998. On June 30, 1998, in both cases, appellant withdrew his initial pleas of not guilty and entered no contest pleas. The court immediately convicted appellant of the charges. In two judgment entries, both dated August 26, 1998, appellant was sentenced. His sentence in each case was a $150 fine plus one hundred eighty days incarceration in the Ottawa County Detention Facility, of which ninety days were suspended on the conditions that he not commit a similar offense within the next year and that he attend, complete, and pay for an anger management program. The sentences were ordered to be served consecutively.
We first consider the potential assignments of error raised by appellant's appointed counsel. She argues first that the explanation of circumstances required by R.C. 2937.07 may not have been sufficient. In his statement to the court, the prosecutor stated that:
 "On March 31st of this year the Defendant and the victim were in an argument in her apartment in Ottawa County. The argument became violent, in which the Defendant grabbed the Defendant (sic) by the throat and threw her to the ground."
Appellant's counsel proposed that she could argue that there was no allegation that appellant caused physical harm to another. However, she acknowledges and we agree, that from the context of the entire proceeding, it is clear that the prosecutor simply said "defendant" when he meant "victim." This is made clear by the next paragraph, where the prosecutor described the second assault as follows:
 "In the second case on — in late April, April 30th, at the same location, again another argument. The argument became violent in which the Defendant again struck and grabbed the victim by the throat."
Second, appellant's appointed counsel considered whether the trial court fully complied with Crim.R. 11(D). She concluded that the court did so. We agree. The court personally addressed appellant, informed him of the effect of the no contest plea, and determined that he was entering a knowing, voluntary, and intelligent plea.
Third, appellant's appointed counsel reviewed appellant's sentence and determined that he was sentenced according to law. We agree. Appellant was sentenced with the parameters set by R.C. 2929.41(B).
Finally, appellant's appointed counsel considered whether appellant received effective assistance from his appointed trial counsel. She found that he had. We agree. There is no indication from the record that appellant's appointed trial counsel violated any essential duty in representing appellant. In fact, the court even stated at the plea hearing that off the record appellant's appointed trial counsel "zealously represented [appellant's] interests on this case and has done a nice job of representing you."
We have also reviewed the record and found that it does not disclose any other errors by the trial court that would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Ottawa County Municipal Court is hereby affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Mark L. Pietrykowski, J.
CONCUR.